UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-04 (LMP/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,                  **GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

v.

ERIC SCOTT PETERSON,

        Defendant.

The United States of America, by and through its attorneys, Lisa D. Kirkpatrick, Acting United States Attorney for the District of Minnesota, and Assistant United States Attorney Nichole J. Carter, hereby moves the Court for an order protecting the distribution of personally identifying information ("PII") of the victim and witnesses in this criminal case pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3509(d)(3). The parties have conferred regarding a protective order. Defendant Eric Scott Peterson does not oppose the government's motion.

In support of its motion, the United States alleges and states the following:

1. On January 10, 2025, the Defendant was indicted on two counts of Involuntary Manslaughter, in violation of 18 U.S.C. 1112, 1151, and 1152. (Docket 10). This case comes about due to the death of Victim 1. As part of the investigation in this matter, an autopsy of Victim 1 was conducted and a crash reconstruction report was generated by the Minnesota State Patrol. As these materials were just received by the government, they have not yet been disclosed to the Mr. Peterson

and his attorney   Both the autopsy report and the crash reconstruction report contain sensitive and personally identifying information of Victim 1, and of a few witnesses.

2. The United States intends to disclose the autopsy report (Bates 1184-1194) and the crash reconstruction report (Bates 1196-1204) (hereafter "Protected Material") via electronic transmission to Mr. Peterson's counsel.  However, these materials contain large quantities of PII (including names, telephone numbers, email addresses, home addresses, Social Security numbers, and dates of birth), and other sensitive information of the victim and witnesses.  Redaction of the discovery materials would be impractical and unduly burdensome.  Moreover, redaction of many items would impede the preparation of the defense because redaction of some items would render them unusable.

3. The government is cognizant of its duty to protect the personally identifiable information of victims and witnesses.  Under to the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(8), a crime victim has the right "to be treated with fairness and respect for the victim's dignity and privacy."

4. Therefore, the government respectfully requests that this Court enter a Protective Order limiting the dissemination of "Protected Material," in connection with the above-captioned case containing:

    a.   the identities of victims and witnesses, and the identity of any new victims or witnesses who may be identified;

    b.   the PII of any victim or witness in this case, including, but not limited

  to, telephone numbers, residential addresses, email addresses, social media accounts, Social Security numbers, medical information, and dates of birth; and

 c. medical information of any victim or witness in this case, whether currently in the possession of the United States, or medical records or medical data relating to the victim and witnesses that may be obtained by the United States as a part of the discovery process during the course of this litigation.

5. It is further requested that the Protective Order state:

 a. Protected Material shall be held in strict confidentiality by Defendant Eric Scott Peterson and defense counsel and may be used only for purposes of this litigation;

 b. Defense counsel shall limit the making of copies of the Protected Material to those necessary to their activities as counsel to Mr. Peterson in this action (co-counsel, paralegals, investigators, experts, litigation support personnel, and secretarial staff), but that under no circumstances will copies be provided directly to Mr. Peterson and left with him;

 c. All individuals having access to these materials shall be informed of the terms of the Protective Order prior to disclosure and shall certify, by signing a copy of the Protective Order, that they have read the terms of

      the Protective Order and understand that they are bound by these terms;

d.   Defense counsel may advise Mr. Peterson of the contents of the Protected Material and review the Protected Material with Mr. Peterson without providing unredacted copies or allowing the copying or retention of any Protected Material, subject to the condition that Mr. Peterson has read the Protective Order and that he understands and agrees to be bound by its terms;

e.   If defense counsel brings the Protected Material to any detention facility or wherever Mr. Peterson may be during the pendency of these proceedings, the Protected Material must remain in defense counsel's possession and control at all times and may not be left with Mr. Peterson, but must be removed by defense counsel upon leaving the facility or residence;

f.   Any documents or other materials containing the Protected Material, and all copies of them, must be destroyed or returned to the government within thirty (30) days of the conclusion of this litigation with the exception of one copy of discovery which may be retained by counsel in their file and which will remain subject to the Protective Order; and

g.   Use of the Protected Material covered by the Protective Order for any purpose other than the instant litigation shall be deemed a violation of

the Protective Order punishable by sanctions, including contempt of court.

Dated: March 28, 2025　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　LISA D. KIRKPATRICK
　　　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　　　　*s/ Nichole J. Carter*
　　　　　　　　　　　　　　　　　　BY:　NICHOLE J. CARTER
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　Atty. Reg. No. 0310141