UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 18-150(1) (DWF/HB) |
| | ) | |
| v.            Plaintiff, | ) | DEFENDANT'S MOTION TO |
| | ) | DISMISS THE INDICTMENT |
| ERIC SCOTT PETERSON, | ) | |
| | ) | |
| Defendant. | ) | |

Introduction

Defendant Eric Peterson submits this motion to dismiss the indictment under Fed. R. Crim. P. 12(b)(3)(B) on the grounds that there is a defect in the indictment. Specifically, the Government charged Mr. Peterson with two counts of Involuntary Manslaughter pursuant to Title 18 United States Code Sections 1112, 1151, and 1152, but failed to state the elements of the crime.

Background

The government alleges Mr. Peterson drove a car which struck and killed an Indian woman on the Bois Forte Indian reservation on December 17, 2024. Count 1 sets forth that Mr. Peterson was driving under the influence of alcohol. Count 2 sets forth that Mr. Peterson was driving "without due caution and circumspection which might produce death," and that he failed to stop at the scene after striking the victim.

Argument

1

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). This includes legal defects with respect to the alleged offenses set forth in the charging document. *Id.,* Rule 12(b)(3). "Typically, constitutional challenges to the charging statute can be raised during pretrial motions," and in particular "a motion to dismiss the indictment." *United States v. Louper-Morris*, 672 F.3d 539, 562 (8th Cir. 2012).

The purpose of an indictment is to "'inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had.'" *Russell v. United States*, 369 U.S. 749, 768 (1962). The purpose is to make it possible for courts to validate convictions with "enlightened judgment." *Id.,* at 769. A grand jury can only find probable cause if it understands what issues are at hand. *Id.,* at 770. "To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *Id.*

The Eighth Circuit Criminal Model Jury Instructions set forth the five elements of involuntary manslaughter applicable to this case. (Eighth

Circuit Instruction 6.18.1112B, Eighth Circuit Committee on Model Criminal Jury Instructions, Manual of Model Criminal Jury Instructions for the District Courts of The Eighth Circuit). First, Mr. Peterson must have caused the death of the victim. Second, Mr. Peterson had to have done so in the commission of an unlawful act not amounting to a felony. Third, Mr. Peterson had to have "acted grossly negligently in that he acted with a wanton or reckless disregard for human life, knowing that his conduct was a threat to the lives of others or having knowledge of such circumstances as could reasonably have enabled him to foresee the peril to which his act might subject others. Fourth, the death had to take place on an Indian Reservation. Fifth, the victim had to be an Indian. Here, the government included elements 1, 2, 4 and 5, but failed to include critical element number 3, which raises the serious question of whether the grand jury found probable cause without considering that element.

Failure of an indictment to state the essential elements of a crime charged "constitutes a fatal defect." *United States v. Keith, 605 F.3d 462, 464 (9th Cir. 1979)*; citing *Russell v. United States,* 369 U.S. 749, 771 (1960). The *Keith* court reversed Mr. Keith's involuntary manslaughter conviction on the basis of the government's failure to include what amounts to the language of element three of the involuntary manslaughter jury instruction. Keith argued that the indictment included only that he

3

operated his motor vehicle "without due caution and circumspection," which "connotes simple negligence sufficient for civil liability, not gross negligence." In the case at bar, the indictment includes only "without due caution and circumspection" and does not include the gross negligence element, which is required.

The indictment in this case presumes that if Mr. Peterson caused the death of the Indian victim on an Indian reservation while committing the misdemeanor of Driving While Under the Influence of Alcohol, or the misdemeanor of failing to stop at the scene, then he is guilty of involuntary manslaughter. These presumptions could not be farther from the truth. In fact, Mr. Peterson is only guilty if, in addition committing one or both of the two misdemeanors, the government proves he acted with gross negligence *and* he "had actual knowledge that his conduct was a threat to the lives of others" or that it was reasonably foreseeable to him that his acts might cause peril to others. *United States v. Keith*, 605 F.3d at 463. See also *United States v. Schmidt*, 626 F.2d 616, 618 (8th Cir. 1980) (Defendant was intoxicated and killed someone in a vehicle accident, but his intoxication alone was not sufficient for the conviction without other factors he "know or should have known"); *United States v. Bolman*, 956 F.3d 583, 587 (8th Cir. 2020) (The defendant's intoxication alone was

insufficient to support the conviction for involuntary manslaughter when he drove over his nephew.)

In light of the government's failure to set forth the language of the third element of the involuntary manslaughter element, the indictment is fatally defective and must be dismissed.

**Conclusion**

For all the above reasons, the indictment must be dismissed.

Dated: May 16, 2025   Respectfully submitted,

*s/ Jean M. Brandl*

JEAN M. BRANDL
Attorney ID No. 0387260
Attorney for Mr. Peterson
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415