UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-4 (LMP/LIB)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S CONSOLIDATED |
| v. | ) | RESPONSE TO DEFENDANT'S |
| | ) | PRETRIAL MOTIONS |
| ERIC SCOTT PETERSON, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through its undersigned attorneys, Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and Nichole J. Carter, Assistant United States Attorney, and responds to the pretrial motions filed by the defendant, Eric Scott Peterson. (ECF 26-32)

## I. Statement of Facts

On December 20, 2024, the defendant was charged by complaint with Involuntary Manslaughter, in violation of 18 U.S.C. 1112, 1151, and 1152. ECF 1. An indictment was filed on January 8, 2025. ECF 10. A superseding indictment was filed on May 28, 2025. ECF 28. The charges stem from the defendant's actions of driving while impaired, causing the death of Victim 1, within the exterior boundaries of the Bois Forte Band of Chippewa Indian Reservation. The defendant has filed a number of pretrial motions, which are addressed below.

## II. Response to Motions

A. Motion For Disclosure of Favorable Evidence [ECF 26]

The government will fully comply with its discovery obligations under Brady and Giglio and will disclose any evidence favorable to the defendant. The government has been ordered by the Court to disclose this information and will abide by the Court's order as well as the government's discovery obligations. See ECF 7.

B. Motion For Disclosure of 404(b) Evidence [ECF 27]

The government will fully comply with the notice requirements of Rule 404(b) of the Federal Rules of Evidence and will disclose any anticipated Rule 404(b) evidence within three weeks of trial.

C. Motion for Discovery and Inspection [ECF 28]

The government has and will continue to comply with all of its discovery obligations under the Federal Rules of Criminal Procedure and applicable case law.

D. Motion to Dismiss Indictment [ECF 29]

The defendant has filed a motion to dismiss the indictment, alleging that the element of gross negligence was missing from the indictment. The defendant agrees that all the other necessary elements of the crime are present. While the government does not concede that the defendant's position regarding this issue is correct, the government did obtain a superseding indictment via grand jury. The superseding indictment alleges that the defendant acted with "gross negligence," and "without due caution and circumspection and with a wanton and reckless disregard for human life, and knew and should have known that

his conduct imperiled the lives of others." ECF 33. The superseding indictment, which states the essential elements of the offense of Involuntary Manslaughter was filed on May 28, 2025. ECF 33, *see also* Eight Circuit Instruction 6.18.1112B. Due to the superseding indictment, the defendant's motion is now moot and should be dismissed.

E. Motion For Government Agents to Retain Rough Notes and Evidence [ECF 30]

The government has instructed its officers and agents to retain their rough notes and all evidence gathered in connection with the investigation until final disposition of the charges against the defendant.

F. Motion For Early Disclosure of Jencks Act Material [ECF 31]

The Eighth Circuit has repeatedly held that the government cannot be compelled to produce Jencks Act material until after a witness has testified at trial on direct examination. *See, e.g., United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). The defendant's motion should therefore be denied. Notwithstanding the above, the United States will provide the defense with all Jencks Act materials no later than three business days prior to trial; however, the government objects to the Court ordering the government to do so.

G. Motion For Discovery of Expert Under Rule 16(a)(1)(G) [ECF 32]

The government will fully comply with Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. At the present time, the government intends to call the experts who performed DNA analysis on the substance that was found on the defendant's vehicle as well as the expert who performed retrograde extrapolation on the alcohol concentration of the defendant's blood sample. The government will provide the defense with the name of the experts that they intend to call and a summary of their proposed testimony within three

3

weeks of trial. The government reserves the right to call additional experts should such experts be necessary for trial. If an additional expert will be called for testimony, the government will disclose the name, credentials, and a written summary of that expert's expected testimony within three weeks of trial.

### III. Conclusion

WHEREFORE, the government asks this Honorable Court to enter an Order consistent with the government's responses.

Dated: May 30, 2025

Respectfully submitted,

JOSEPH H. THOMPSON
Acting United States Attorney

s/*Nichole J. Carter*
BY: Nichole J. Carter
Assistant United States Attorney
Attorney ID No. 0310141