UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 25-0004 (LMP/LIB) |
| | ) | |
| v.             Plaintiff, | ) | DEFENDANT'S RESPONSE IN |
| | ) | SUPPORT OF MOTION TO |
| ERIC SCOTT PETERSON, | ) | DISMISS THE INDICTMENT |
| | ) | |
| Defendant. | ) | |

Introduction

Defendant Eric Peterson submits this Response in Support of Motion to Dismiss the Indictment under Fed. R. Crim. P. 12(b)(3)(B) on the grounds that there is now a defect in the superseding indictment as well. Specifically, the Government changed the "gross negligence" standard to include "should have known" which is not supported by the Eighth Circuit.

Argument

On May 28, 2025, the Government filed a superseding indictment which dismissed Count 2 and changed the language of Count 1 to:

> On or about December 17, 2024, in the State and District of Minnesota, and within the exterior boundaries of the Bois Forte Indian Reservation, the defendant, Eric Scott Peterson, a non-Indian person, acting with gross negligence, did unlawfully kill Victim 1, an Indian person, without malice, while in the commission of an unlawful act not amounting to a felony, that is operating a motor vehicle under the influence of alcohol, contrary to Minn. Stat. Section 169A.20, subdiv. 1(1), without due caution and circumspection and with a wanton and reckless disregard for human life, and knew *and should have known* that his conduct imperiled the lives of others, in violation of Title 18, United States Code, Sections 1112, 1151, and 1152." (emphasis added).

1

While Mr. Peterson appreciates the Government's attempt to correct the original indictment, he objects to the Government's use of the words "and should have known." The relevant issue here is the third element required to prove involuntary manslaughter under the Eighth Circuit Criminal Model Jury Instructions. Therein, Mr. Peterson had to have "acted with a wanton or reckless disregard for human life, *knowing* that his conduct was a threat to the lives of others *or having knowledge of such circumstances as could reasonably have enabled him to foresee the peril to which his act might subject others.*" (Eighth Circuit Instruction 6.18.1112B, Eighth Circuit Committee on Model Criminal Jury Instructions, Manual of Model Criminal Jury Instructions for the District Courts of The Eighth Circuit).

First, the Government's addition of "and should have known" is not a correct recitation of the legal standard and adds extra language reducing the Government's burden of proof. Second, the Government did not include the following language regarding the definition of gross negligence: "or having knowledge of such circumstances as could reasonably have enabled him to foresee the peril to which his act might subject others."

The Government's addition of language regarding "should have known," and its failure to insert language about foreseeable peril is not consistent with the language set forth in the Eighth Circuit to define gross

negligence. *United States v. Bolman,* 956 F.3d 583, 588 (8th Cir. 2020). These failures continue to raise significant questions about whether the grand jury found probable cause without considering the true definition of gross negligence.

### Conclusion

For all the above reasons, the superseding indictment continues to be fatally defective, and both the indictment and superseding indictment must be dismissed.

Dated: June 20, 2025                              Respectfully submitted,

                                                 *s/ Jean M. Brandl*

                                                 _____
                                                 JEAN M. BRANDL
                                                 Attorney ID No.  0387260
                                                 Attorney for Mr. Peterson
                                                 107 U.S. Courthouse
                                                 300 South Fourth Street
                                                 Minneapolis, MN 55415