UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-4 (LMP/LIB)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S RESPONSE TO |
| v. | ) | DEFENDANT'S MOTION TO |
| | ) | DISMISS THE INDICTMENT |
| ERIC SCOTT PETERSON, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through its undersigned attorneys, Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and Nichole J. Carter, Assistant United States Attorney, and responds to the pretrial motion filed by the defendant, Eric Scott Peterson. (ECF 38)

## I. Statement of Facts

On December 20, 2024, the defendant was charged by complaint with Involuntary Manslaughter, in violation of 18 U.S.C. 1112, 1151, and 1152. ECF 1. An indictment was filed on January 8, 2025. ECF 10. A superseding indictment was filed on May 28, 2025. ECF 28. A second superseding indictment was filed on July 1, 2025, charging the defendant with Criminal Vehicular Homicide-Under the Influence, in violation of 18 U.S.C. § 13, 1151, 1152 and Minn. Stat. § 609.2112, subd. 1(2)(i) and Criminal Vehicular Homicide-While Having an Alcohol Concentration of 0.08 or More as Measured within Two Hours of the Time of Driving, in violation of 18 U.S.C. 13, 1151, 1152 and Minn. Stat. § 609.2112, subd.1(4). ECR 39. The charges stem from the defendant's actions of

driving while impaired and under the influence of alcohol, causing the death of Victim 1, within the exterior boundaries of the Bois Forte Band of Chippewa Indian Reservation.

The defendant filed several pretrial motions. ECF 26-32. The government filed a consolidated response to the defendant's initial motions on May 30, 2025. See ECF 35. On June 20, 2025, the defendant filed a response in support to its first motion to dismiss the indictment. See ECF 38. In his response in support, the defendant challenged the language of the superseding indictment, alleging that the superseding indictment language was insufficient. *Id*.

Since the time of the defendant's response in support of its first motion, the indictment has been superseded for a second time. ECF 39. The second superseding indictment no longer alleges a count of involuntary manslaughter against the defendant, but instead charges Criminal Vehicular Homicide, using the Assimilated Crimes Act, 18 U.S.C § 13.

## II. <u>Argument</u>

The defendant's argument pertains to the prior, superseding, indictment. The government intends to go forward on the second superseding indictment against the defendant. However, the superseding indictment is still adequate under Fed. Rule Crim Pro. 7(c), which states, "[t]he indictment ... must be a plain, concise, and definite written statement of the essential facts constituting the offense charged ...." "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States*

*v. Morris*, 18 F.3d 562, 568 (8th Cir. 1994); see also *United States v. Hughson*, 488 F. Supp. 2d 835, 840 (D. Minn. 2007) ("In reviewing the sufficiency of an Indictment, ... we are to determine whether the Indictment sufficiently sets forth the elements of the offenses alleged ... in order to place the defendant on fair notice of the charges against him, and to enable him to raise an acquittal, or conviction, so as to prevent his double jeopardy for a single offense.") "An indictment is normally sufficient if its language tracks the statutory language." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008); *United States v. Whitlow*, 815 F.3d 430, 433 (8th Cir. 2016) ("An indictment is sufficient if it contains the elements of the offense charged, lets the defendant know what he needs to do to defendant himself, and would allow him to plead a former acquittal or conviction if he were charged with a similar offense. Usually, an indictment that tracks the statutory language is sufficient.") An indictment will generally be deemed sufficient "unless no reasonable construction can be said to charge the offense." *United States v. Peterson*, 867 F.2d 1110, 1114 (8th Cir. 1994); *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009); *United States v. Hernandez,* 299 F3.d 984, 992 (8th Cir. 2002). The indictment at issue is not deficient. It fairly informs the defendant of the charge against him and alleges sufficient information to allow him to plead a conviction or an acquittal as a bar to subsequent prosecution.

In this instance, the superseding indictment sets forth the elements of the crime of involuntary manslaughter. It enables the defendant to have fair notice of the charges against him and tracks the statutory language. The statutory language provides that involuntary manslaughter is an offense where, "in the commission of an unlawful act not

amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act that might produce death." 18 U.S.C. § 1112. The elements of the offense of involuntary manslaughter are that 1) the defendant caused the death of an Indian person, 2) the defendant did so in the commission of an unlawful act not amounting to a felony, 3) the defendant acted grossly negligently acting with a wanton or reckless disregard for human life, knowing his conduct was a threat to the lives of others, **or** having knowledge of such circumstances as could have reasonability enabled him to foresee the peril to which his act might subject others, and 4) that the killing occurred within the exterior boundaries of the Bois Forte reservation. All these elements are present in the language of the superseding indictment.

The defendant raises concerns that there may not have been sufficient evidence before the grand jury. However, the Eighth Circuit has stated "it has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." *United States v. Nelson*, 165 F.3d 1180, 1181 (8th Cir. 1999) (citing *Costello v. United States*, 350 U.S. 359, 363-364 (1956); *United States v. Cady*, 567 F.2d 771, 776 (8th Cir. 1977) (finding that the Supreme Court has foreclosed defendants from challenging indictments on the ground that they are not supported by sufficient or competent evidence.)

### III. Conclusion

WHEREFORE, the government asks this Honorable Court to enter an Order consistent with the government's responses.

Dated: July 7, 2025       Respectfully submitted,

JOSEPH H. THOMPSON
Acting United States Attorney


s/*Nichole J. Carter*
BY: Nichole J. Carter
Assistant United States Attorney
Attorney ID No. 0310141