UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-4 (LMP/LIB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERIC SCOTT PETERSON,

    Defendant.

**GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE**

The government respectfully moves in limine to preclude the defense from offering into evidence the toxicology report for the victim or from eliciting testimony from the medical examiner regarding the victim's level of intoxication on the day she was struck and killed by Defendant Eric Peterson. Because a victim's contributory negligence is not a viable defense, the probative value of this evidence, if any, is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Relatedly, the government moves in limine for an order precluding improper defenses, including any argument for jury nullification based on a theory of contributory negligence. Such arguments are plainly improper and should not be permitted.

1

A.  **The defense should be prohibited from offering into evidence the victim's toxicology report and related testimony.**

Consistent with the Court's Trial Notice and Pretrial Order (ECF No. 53), the parties exchanged preliminary exhibit and witness lists on March 4, 2026.  The defendant's preliminary exhibit list includes the toxicology report for the victim conducted as part of the autopsy exam.  The probative value of this evidence—and any testimony related thereto—is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury.  Therefore, the evidence and related testimony should be excluded under Federal Rule of Evidence 403.

The instant case involves Minnesota state charges of criminal vehicular homicide adopted as federal crimes under the General Crimes Act and Assimilative Crimes Act.  Accordingly, the relevant caselaw on the issues before the Court is derived from Minnesota state law.  The Minnesota Supreme Court has long held that "for an intoxicated person to undertake to drive an automobile on a much traveled highway is gross or culpable negligence." *State v. Kline*, 209 N.W. 881, 882 (Minn. 1926).  Courts instruct that "in vehicular negligent homicide cases," the "contributory negligence of the victim is not a defense"; that said, "a victim's negligence is relevant on the questions of whether the defendant was negligent, and, if so, whether that negligence was the proximate cause of the victim's injuries." *State v. Munnell*, 344 N.W.2d

838, 887–88 (Minn. App. 1984); *see also State v. Bolsinger*, 21 N.W.2d 480, 494 (Minn. 1946) (holding that "[e]ven if the wife were negligent in not walking on her side of the road so as to be facing oncoming traffic, . . . her contributory negligence was no defense, except as it went to show either that defendant was not negligent or that his conduct was not the proximate cause of her death"). But a victim's negligence is "relevant only if it constituted a superseding intervening cause of the accident." *State v. Lund*, 474 N.W.2d 169, 173 (Minn. App. 1991).

Applying *Munnell*, courts have excluded evidence of victims' blood alcohol content as irrelevant to the jury's consideration of whether the victim's negligence was the proximate cause of the victim's death. In the non-precedential opinion in *State v. Condon*, the Court of Appeals affirmed the district court's exclusion of "evidence of the victim's blood alcohol concentration or consumption of alcohol on the evening of the accident." No. C2-99-1258, 2000 WL 622259, at *2 (Minn. App. May 16, 2000). There, the trial judge "determined that the victim's blood alcohol content was not a superseding cause" because (1) "it did not occur between the original cause and his death," and (2) "it did not turn aside the natural sequence of events so as to produce a different result than would have otherwise followed from [the defendant's] negligence"—put differently, the victim "did not die from alcohol poisoning or some similar condition; rather, his death resulted from the injuries he suffered

3

upon impact with [the defendant's] vehicle." *Id*. Because the "record contains no evidence that the victim's blood alcohol content was a superseding cause of his death," the Court of Appeals concluded that "the district court did not abuse its discretion in excluding [that] evidence." *Id*.

Importantly, the Court of Appeals in *Condon* noted that the "district court's ruling did not prohibit [the defendant] from arguing to the jury that the victim's negligence was a proximate cause of his death." *Id*. The district court, in its ruling excluding evidence of the victim's blood alcohol content, "specifically noted that evidence of the victim's actions [was] admissible to the extent that they showed he may have failed to maintain a proper lookout, crossed the road improperly, or had his vision obscured." *Id*. Accordingly, the jury "heard eyewitness testimony that before crossing the road, the victim hoisted a box of beer on his right shoulder without checking for oncoming traffic from [the defendant's] direction." *Id*. The jury "also heard evidence that the victim had spent several hours in a bar that night and was observed walking unsteadily approximately one hour before the accident." *Id*.

Applying *Munnell*, with guidance from the non-precedential opinion in *Condon*, the government respectfully submits that although eyewitness testimony of the victim's actions immediately preceding the accident is admissible, the toxicology report and any testimony related thereto is not. The government anticipates testimony from several witnesses who saw the victim

4

walking in the street immediately prior to the fatal collision in this case. Pursuant to *Munnell*, such testimony is admissible for only the limited purpose of assessing "whether the defendant was negligent, and, if so, whether that negligence was the proximate cause of the victim's injuries." 344 N.W.2d at 887–88. But as in *Condon*, there is "no evidence that the victim's blood alcohol content was a superseding cause of [her] death." 2000 WL 622259, at *2. The probative value of the toxicology report is therefore minimal. And given the prohibition on raising the "contributory negligence of the victim" as a defense, *Munnell*, 344 N.W.2d at 887–88, the danger of unfair prejudice, confusing the issues, and misleading the jury is high.

Pursuant to Rule 403, the defense should be precluded for offering into evidence the toxicology report for the victim and any related testimony.

**B.    The government respectfully requests an order precluding improper defenses, including any argument for jury nullification based on a theory of contributory negligence.**

The law is plain that a defendant cannot suggest in any way that the jury should acquit him even if it finds that the government has met its burden of proof. *See United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent."); *Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) (noting that "defense counsel may not press arguments for jury nullification in

criminal cases"); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("Neither court nor counsel should encourage jurors to exercise [nullification] power. . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification."). Here, given the nuances in Minnesota law regarding evidence of a victim's alleged negligence, *see Munnell*, 344 N.W.2d at 887–88; *Bolsinger*, 21 N.W.2d at 494, the risk of improper argument is particularly acute. Accordingly, the government respectfully requests an order formally precluding any argument for acquittal based on a theory of contributory negligence.

Dated: March 11, 2026　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　DANIEL N. ROSEN
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　*s/Garrett S. Fields*
　　　　　　　　　　　　　　　　　　　　GARRETT S. FIELDS
　　　　　　　　　　　　　　　　　　　　DAVID M. CLASSEN
　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorneys