UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-CR-004 (LMP/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ERIC SCOTT PETERSON, )<br>)<br>Defendant. ) | **DEFENDANT'S FIRST MOTION IN LIMINE: INTRODUCTION OF EVIDENCE OF DECEDENT'S INTOXICATION AND BEHAVIOR** |

Eric Peterson, by and through his attorney, Jean M. Brandl, hereby submits the following motion in limine.

**Introduce Evidence of Decedent's Intoxication and Behavior**

In the hours prior to her death, the decedent was highly intoxicated, and several times wandered onto the road in the area near where she was struck. Mr. Peterson plans to include testimony and evidence regarding the decedent's drug and alcohol levels. Mr. Peterson also plans to introduce evidence of her behavior from three witnesses who saw her acting erratically and walking in the road shortly before she died.

This evidence is relevant under FRE 401 because evidence of her intoxication and behavior is highly probative regarding the jury's determination of whether Mr. Peterson was negligent. Further, the evidence allows Mr. Peterson to: (i) cast doubt upon whether he was negligent at all; and (ii) establish whether any such negligence was the proximate cause of her death. See *United States v. Schmidt*, 626 F.2d 616, 618 (8th Cir. 1980). The *Schmidt* case involved a car accident in which both parties were drinking, and Mr. Schmidt

was permitted to introduce evidence of the decedent's alcohol consumption "for the purpose of enabling the jury to determine whether, under all the circumstances of the case, Schmidt's actions were grossly negligent…" *Id*., at 618.

The *Schmidt* case was cited in *United States v. Kirby* wherein the defendant wanted to introduce evidence of the decedent's intoxication and the government was opposed. The court permitted introduction of the victim's intoxication because it did not itself detract from evidence of whether the defendant himself was negligent. *United States v. Kirby,* 2023 WL 3863329, US. District Court, E.D. Oklahoma, June 7, 2023.

Here, a determination of whether Mr. Peterson is negligent or not rests in part on the decedent's intoxication and behavior. For example, if she was intoxicated and wandered onto the middle of a highway in the dark, there would be a greater indication that Mr. Peterson was not negligent. If the jury were to assume she was sober and she had no erratic behavior, they could conclude that she was walking on the side of the road and Mr. Peterson swerved off the road, negligently hitting her. Evidence of her intoxication and behavior will not detract or mislead the jury from any independent evidence of Mr. Peterson's behavior. *Id*. The jury needs to know the decedent was intoxicated by alcohol and other drugs and that she had already been walking in the road several times that same evening.

Further, Mr. Peterson argues the evidence should come in as intrinsic evidence, which is evidence that is "inextricably intertwined with the crime charged as well as evidence that merely 'completes the story' or provides context to the charged crime." *United States v. Young*, 753 F3d 757, 770 (8th Cir. 2014). Here again, the decedent's

behavior and intoxication are inextricably intertwined with the crime charged and should be admitted.

| | |
|---|---|
| Dated: March 11, 2026 | Respectfully submitted, |
| | *s/Jean M. Brandl* |
| | JEAN M. BRANDL<br>Attorney ID No. 0387260<br>Attorney for Mr. Peterson<br>107 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415 |

3