UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-CR-004 (LMP/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>Plaintiff, )<br>v. )<br> )<br>ERIC SCOTT PETERSON, )<br> )<br>Defendant. ) | **DEFENDANT'S SECOND MOTION IN LIMINE: OBJECTION TO SPARK OF LIFE EVIDENCE** |

Eric Peterson, by and through his attorneys, Jean M. Brandl, hereby submits the following motion in limine.

**Objection to "Spark of Life" Evidence**

Eric Peterson was charged with Criminal Vehicular Homicide. To convict him of this crime, the jury needs to answer the question of whether Mr. Peterson was negligent and under the influence of alcohol, or whether he was over a blood alcohol level of .08. To answer the question of intoxication, the jury must listen to scientific experts. In order to determine whether or not Mr. Peterson acted negligently, the jury must assess whether he acted "without using ordinary or reasonable care." *Minnesota Jury Instruction* 26.01. Here, the quality of the decedent's life is utterly irrelevant in determining whether Mr. Peterson was negligent or under the influence at the time his car struck her. It does not matter whether the victim had many positive things going on in her life, whether important goals or dreams lay on the horizon for her, or whether her family and friends miss her. It is not

1

only irrelevant, it is prejudicial, and Mr. Peterson will be deprived of a fair trial if this evidence is admitted because it is solely presented to invoke sentiment.

Assessing these issues, the Supreme Court ruled in *Darden v. Wainwright*:

- "The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict." *Darden v. Wainwright*, 477 U.S. 168, 191-92 (1986) (Blackmun, J., dissenting) (quoting ABA Standards for Criminal Justice 3–5.8(d) (2d ed. 1980).

- "The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury." *Id.* (quoting ABA Standards for Criminal Justice 3–5.8(c) (2d ed. 1980).

Permitting the government to present spark of life evidence would divert the jury from its duty to decide the case on the evidence, and it would inflame their passions and prejudices.

Minnesota law permits limited "spark of life" evidence, but it cannot be used to "attempt to invoke any undue sympathy or inflame the jury's passions." *State v. Graham*, 371 N.W.2d 204, 207 (Minn. 1985). Here, the only reason to introduce evidence of the decedent's life or the people who miss her is to invoke undue sympathy and to inflame the passions of the jury.

The only Eighth Circuit Court addressing spark of life evidence reviewed the case for plain error because the defense attorney failed to object to the introduction of the evidence. *United States v. Broussard*, 87 F.4th 376, 379 (8th Cir. 2023). The court found that the spark of life evidence was arguably relevant to show the decedents "were

unlikely to have sought fentanyl or to have obtained it from another source" and the victims were in good health and would not have died other than from the actions of the defendant. Because the evidence was arguably relevant, the court found that that there was no plain error on the part of the district court judge to admit the evidence. *Id*. The court also found that the evidence against Mr. Broussard was so overwhelming that he could not show a reasonable probability that he would be found not guilty without that evidence. *Id*.

    Here, the spark of life evidence being offered has no relevant value and the government does not have overwhelming proof of Mr. Peterson's intoxication or negligence. Admission of spark of life evidence is irrelevant and prejudicial and it would affect Mr. Peterson's substantial right to a fair trial.

Dated: March 11, 2026

Respectfully submitted,

*s/Jean M. Brandl*

JEAN M. BRANDL
Attorney ID No. 0387260
Attorney for Mr. Peterson
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415