UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-CR-004 (LMP/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) **DEFENDANT'S OBJECTIONS TO** |
| v. | ) **GOVERNMENT'S MOTIONS IN** |
| | ) **LIMINE** |
| ERIC SCOTT PETERSON, | ) |
| | ) |
| Defendant. | ) |

Eric Peterson, by and through his attorney, Jean M. Brandl, hereby submits the following objection to the Government's Motions in Limine

### A. Government's Motion in Limine to Preclude Evidence of Victim's Level of Toxicology

Negligence is one of the elements which must be proven against Mr. Peterson. As stated in Defendant's First Motion in Limine, he seeks to introduce the decedent's level of toxicology on the day she died to defend against the Government's allegation that he was driving in a negligent manner. He is *not* asking to elicit testimony for the purpose of showing the victim's contributory negligence, and he will *not* be arguing for jury nullification.

As the Government's motion states, "a victim's negligence is relevant on the questions of whether the defendant was negligent, and if so, whether that negligence was the proximate cause of the victim's injuries." (ECF 57, p. 2, citing *State v. Munnell*, 344 N.W. 2d 838, 887-88 (Minn. App. 1984)). The Government also agrees a victim's

1

negligence is relevant "if it constituted a superseding intervening cause of the accident." (ECF 57, p. 3, citing *State v. Lund*, 474 N.W.2d 169, 173 (Minn. App. 1991)).

The *Munnell* case is exactly on point with the case at bar because the victim was intoxicated and lying in the road "across the double yellow center line." *Munnell,* 344 N.W.2d at 885. Ms. Munnell's negligence in that case was undisputed because she had crossed the yellow line when she hit him, and the victim's intoxication was irrelevant as to whether she was negligent. Here, there is considerable evidence that decedent was in the roadway on which Mr. Peterson had the right-away. Her actions of walking on or stumbling onto the road in front of Mr. Peterson is a superseding intervening cause of the accident, thus potentially eliminating negligence by Mr. Peterson as the proximate cause for her death. The jury needs to know that her intoxication was the reason for her erratic behavior, and that she was not acting as a sober person would act. Mr. Peterson would have had no reason to believe a sober person would end up on the road in his path of travel in the middle of the night.

In the *Lund* case, the driver tried to introduce evidence that the victim was not wearing a seatbelt, and the court found it was irrelevant because it did not constitute "a superseding intervening *cause of the accident." Lund*, 474 N.W.2d at 173. The failure to wear a seatbelt was agreed to be negligent, but it did not cause the accident itself, which means it did not weigh on the issue of the defendant's negligence. *Id.* at 174. In the case at bar, the decedent's drug and alcohol levels were relevant as to why she was in the road and why her behavior was erratic and not that of a sober person.

Finally, in *Condon*, the court agreed with the holding in *Munnell* that a victim's negligence is relevant if it helps determine whether the defendant was negligent. *Condon*, p. 2.The *Condon* court also agreed with the holding in *Lund* that if a victim's negligence breaks the causal chain to constitute a superseding intervening cause of his own death it is admissible. *Id.* at 2. In *Condon*, the court distinguished its facts from those in *Lund* and *Munnell* because the victim's blood alcohol was not a proximate cause of his death—he may not have looked properly when he crossed the road with a box on his shoulder, which had no direct link to his intoxication. *Condon*, p. 2. The case at bar can be distinguished from *Condon* because the decedent's presence in the road and erratic behavior just prior to the accident stemmed directly from her intoxication and is therefore relevant to Mr. Peterson's defense that her intervening act of wandering into the roadway affects the finding of negligence. The probative value of the evidence of her intoxication outweighs the danger of unfair prejudice or confusing the issues because it goes directly to the issue of whether Mr. Peterson was negligent.

Here, the Government agrees the eyewitness testimony of the witnesses who saw the decedent's actions preceding the accident is admissible. (ECF 57 at 4). But her stumbling around on the road does not make sense without the context that she was under the influence of drugs and alcohol. Her intoxication was the reason she was stumbling on the road; therefore, the toxicology of her blood is relevant to the issue of Mr. Peterson's negligence.

There is no risk of unfair prejudice, confusion, or misleading the jury because the issue before the jury is whether, on a dark road in the middle of the night, a driver would

expect to find a person walking or stumbling in the middle of the road. If the government can prove negligence, then there is no confusion. Mr. Peterson renews his request that he be allowed to introduce evidence of the decedent's toxicology findings.

**B. Government Motion to Preclude Jury Nullification on Theory of Contributory Negligence**

Mr. Peterson does not object to this motion.

| | |
|---|---|
| Dated: March 14, 2026 | Respectfully submitted, |
| | *s/Jean M. Brandl* |
| | JEAN M. BRANDL<br>Attorney ID No. 0387260<br>Attorney for Mr. Peterson<br>107 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415 |