UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-4 (LMP/LIB)

UNITED STATES OF AMERICA,

> Plaintiff,

v.

ERIC SCOTT PETERSON,

> Defendant.

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENSE MOTIONS IN LIMINE**

In advance of trial, Defendant Eric Peterson filed four motions in limine:

| Motion | ECF No. |
| --- | --- |
| Admit evidence of the victim's intoxication and behavior | 59 |
| Preclude "spark of life" evidence | 60 |
| Sequester witnesses | 61 |
| Prevent use of the words "victim" and "defendant" | 62 |

The government responds to each in turn.

**A.  Consistent with Minnesota law, evidence of the victim's behavior is admissible; evidence of the victim's blood alcohol content is not.**

First, Mr. Peterson moves for a Court order authorizing the admission of evidence concerning the victim's "intoxication and behavior." ECF No. 59 at 1. As detailed in the government's competing motion in limine, although eyewitness testimony about the victim's visible intoxication and behavior immediately before the fatal collision is admissible, the toxicology report for the victim and testimony related thereto are not.  *See* ECF No. 57 at 2–5.

1

The parties both acknowledge that "contributory negligence of the victim is not a defense" in "vehicular negligent homicide cases," but that "a victim's negligence is relevant on the questions of whether the defendant was negligent, and, if so, whether that negligence was the proximate cause of the victim's injuries." *State v. Munnell*, 344 N.W.2d 838, 887–88 (Minn. App. 1984); *see also United States v. Schmidt*, 626 F.2d 616, 618 (8th Cir. 1980). Recognizing the inherent complexities associated with that legal guidance, courts considering the admissibility of evidence of a victim's intoxication have been scrupulous in balancing the defendant's right to raise a *Munnell* defense and the overarching obligation to prevent arguments of contributory negligence and the attendant unfair prejudice and risk of confusing the issues and misleading the jury. *See State v. Condon*, No. C2-99-1258, 2000 WL 622259, at *2 (Minn. App. May 16, 2000). Courts have determined that appropriate balance is achieved by admitting testimony regarding a victim's behavior and perceived intoxication, while excluding evidence of the victim's specific blood alcohol content. *Id.*

Here, as in *Condon*, there is "no evidence that the victim's blood alcohol content was a superseding cause of his death." *Id.* Ms. Boshey "did not die from alcohol poisoning or some similar condition"; rather, her death "resulted from the injuries [she] suffered upon impact with [the defendant's] vehicle." *Id.* Accordingly, consistent with *Condon*, the defense should be permitted to

2

offer "evidence of the victim's actions" insofar as they go to the question of whether the defendant was negligent, but the defense should not be authorized to admit the toxicology report from the victim's autopsy examination or any testimony related thereto. *Id.*

The victim's blood alcohol level does not negate the defendant's negligence; it does, however, present real risks of improper argument, insinuation, or inference of contributory negligence. Accordingly, the motion should be denied.

## B. Consistent with Minnesota and federal law, limited "spark of life" evidence is admissible.

Next, Mr. Peterson argues that the government should be precluded from introducing any "spark of life" evidence. ECF No. 60. That is flatly contradicted by prevailing legal authority.

Courts in this district have held that "limited" spark of life evidence— that is, evidence of "limited biographical information about a victim to present the victim as a human being"—"falls within the purview of admissible evidence." *United States v. Broussard,* 589 F. Supp. 3d 1031, 1038 (D. Minn. 2022). That ruling flows directly from longstanding precedent in Minnesota providing that discussion of a "victim's personal life," though "not strictly relevant to the issue of who murdered the victim," is permissible to show the

"victim was not just bones" but "was imbued with the spark of life." *State v. Graham*, 371 N.W.2d 204, 207 (Minn. 1985).

Consistent with what the court authorized in *Broussard*, the government intends to introduce "a single photograph of [the] deceased victim (depicted as a live adult)" and plans to call "a family member" to offer "limited biographical information" of the victim. *Id.* The government will refrain from eliciting "detailed personal stories" of the victim, *United States v. Broussard*, 87 F.4th 376, 379 (8th Cir. 2023), and will instead be mindful to limit its questioning to avoid invoking "undue sympathy" or "inflam[ing] the jury." *Broussard*, 589 F. Supp. 3d at 1038. Such "limited evidence" falls "within the purview of admissible evidence under 'spark of life' jurisprudence." *Id.*

## C.   **Sequestration of witnesses is appropriate.**

Mr. Peterson moves for an order "excluding prospective witnesses from the courtroom, prohibiting the disclosure of trial testimony to witnesses who are excluded from the courtroom, prohibiting excluded witnesses from accessing trial testimony, and prohibiting attorneys from speaking to witnesses about their testimony if it is interrupted by a break." ECF No. 61. The government joins the motion.

**D.    The defense motion to prohibit the use of the terms "victim" and "defendant" should be denied.**

Finally, Mr. Peterson moved to preclude the government from using the term "victim" when referring to Ms. Boshey and "defendant" when referring to Mr. Peterson.  According to Mr. Peterson, such terms are "substantially more prejudicial than probative" because they will "inflame the passion of the jury." ECF No. 62 at 1.  Not so.

Courts in this district routinely reject such motions.  For example, in *United States v. Lussier*, Judge Brasel denied the defendant's motion to preclude the government and its witnesses from using the term "victim," explaining that "[t]he term 'victim' is not inherently prejudicial."  No. 18-CR-281 (NEB/LIB), 2019 WL 2489906, at *5 (D. Minn. June 15, 2015).  Judge Brasel emphasized that "victim" is a term "commonly used in the English language that does not by its nature connote guilt."  *Id.*  Judge Brasel's ruling accords with decisions by the Eighth Circuit and its sister circuits permitting the use of the term "victim" in the context of jury instructions.  *See United States v. Washburn*, 444 F.3d 1007, 1013 (8th Cir. 2006) (finding that "the use of the term 'victim' in jury instructions is not prejudicial to a defendant's rights"); *Server v. Mizell*, 902 F.2d 611, 615 (7th Cir. 1990) (same); *United States v. Granbois*, 119 F. App'x. 35, 38–39 (9th Cir. 2004) (same), *cert. denied*, 543 U.S. 1014 (2004).

Permitting the government and its witnesses to refer to Ms. Boshey as a "victim" and Mr. Peterson as the "defendant" does not run afoul of Rule 403. The motion should be denied.


Dated: March 18, 2026                    Respectfully submitted,

                                         DANIEL N. ROSEN
                                         United States Attorney

                                         *s/Garrett S. Fields*
                                         GARRETT S. FIELDS
                                         DAVID M. CLASSEN
                                         Assistant U.S. Attorneys

6