**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-cr-0004 (LMP/LIB) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S FIFTH MOTION IN LIMINE** |
| ERIC SCOTT PETERSON, | |
| Defendant. | |

Garrett S. Fields and David M. Classen, **United States Attorney's Office, Minneapolis, MN**, for Plaintiff.

Jean M. Brandl, **Office of the Federal Defender, Minneapolis, MN**, for Defendant.

Federal Rule of Criminal Procedure 16(a)(1)(G)(ii) provides that the Court must set a deadline for the United States to make expert disclosures to the Defendant, which "must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Here, that deadline was 28 days before trial: March 13, 2026. ECF No. 23 at 2. Defendant Eric Scott Peterson now moves for an order excluding any expert witness by the United States because the United States did not provide its formal Rule 16 disclosures until March 24, 2026: 17 days before trial. ECF No. 83. The United States concedes that it did not timely provide formal Rule 16 disclosures but argues that wholesale exclusion of its expert witnesses is unwarranted. ECF No. 84.

When the United States fails to comply with the Rule 16 expert disclosure requirement, courts have "broad discretion" to fashion appropriate relief. *United States v. Ortega*, 150 F.3d 937, 943 (8th Cir. 1998). Even when there is a violation of Rule 16,

exclusion of expert witness testimony is not necessarily required. *See United States v. Bull*, 8 F.4th 762, 768 n.6 (8th Cir. 2021). Rather, the remedy must be "the least severe sanction which will adequately punish the government and secure future compliance." *United States v. DeCoteau*, 186 F.3d 1008, 1010 (8th Cir. 1999) (citation omitted). In determining a suitable sanction, the Court "must weigh the reasons for the government's delay and whether it acted intentionally or in bad faith; the degree of prejudice, if any, suffered by the defendant; and whether any less severe sanction will remedy the prejudice and the wrongdoing of the government." *Id.* (citation omitted).

The Court declines to exclude the United States' expert witnesses because Peterson's one-page motion does not attempt to show how he was prejudiced by the United States' 11-day delay. ECF No. 83. Nor likely could he. As the United States explains, it provided Peterson with its expert reports months before the trial deadline, and three days before the Rule 16 deadline, the United States provided Peterson with "preliminary notice of the possible expert testimony" from four expert witnesses. ECF No. 84 at 3. The United States also provided short summaries of the expert witnesses' anticipated testimony in its trial brief filed two days before the Rule 16 deadline. ECF No. 56 at 10–11. Given that Peterson was "provided notice that [the experts] would be testifying" and was "made aware of the nature of [the experts'] testimony," Peterson has "failed to show any prejudice" from the United States' 11-day delay in providing formal Rule 16 notices. *United States v. Shepard*, 462 F.3d 847, 866 (8th Cir. 2006).

Moreover, the United States provided its formal Rule 16 disclosures 17 days before trial, a time period that the Eighth Circuit has considered sufficient to provide "a fair

2

opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(a)(1)(G)(ii); *see Shepard*, 462 F.3d at 866 (affirming introduction of expert testimony when witness was disclosed one week prior to trial and formal Rule 16 notice was never provided); *Ortega*, 150 F.3d at 944 (affirming introduction of expert testimony when substance of witness's testimony was disclosed one week prior to trial)

Finally, considering the "reasons for the government's delay," *DeCoteau*, 186 F.3d at 1010, the United States explains that it was waiting for a signed expert disclosure from Forensic Scientist (FS) Ashley Mack, the toxicologist who conducted the retrograde extrapolation on the alcohol concentration of Peterson's blood sample. ECF No. 84 at 4. Evidently, Peterson had asked FS Mack to perform additional calculations in advance of trial, and FS Mack wanted to finalize those calculations before submitting a signed summary of expected testimony. *Id.* The delay in submitting FS Mack's formal Rule 16 notice appears, then, partially attributable to Peterson, which further weakens Peterson's request to exclude the United States' expert witnesses.

Accordingly, in the absence of any prejudice to Peterson, the Court declines to impose "the most severe discovery sanction available—wholesale exclusion of evidence." *Johnson*, 228 F.3d at 926. And because Peterson does not request or propose any less severe sanction, the Court denies his fifth motion in limine in its entirety.[1]

---

[1] This conclusion also recognizes and credits the parties' representations at the March 25, 2026 pretrial conference that they were still negotiating various witness and evidentiary issues. While the Court had reviewed the United States' proposed witness list, ECF No. 70, and trial brief, ECF No. 56, which listed and discussed the United States'

**ORDER**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Peterson's Fifth Motion in Limine (ECF No. 83) is **DENIED**.

Dated: April 6, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

expert witnesses, Peterson did not raise any challenges to the sufficiency of the United States' disclosures or any other concerns about the United States' expert witnesses.

4